IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EUGENE JACKSON, # 34740-037 | * | |
| Petitioner | * | |
| v | * | Civil Action No. WMN-09-2778 |
| | | (Rel. Crim. Action. No. WMN-01-464 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM**

Pending is Eugene Jackson's petition for writ of audita querela. After careful review of the petition and applicable law, the court concludes there is no basis for relief. The petition will be denied by separate order.

Jackson, who filed this petition pro se, was convicted on May 21, 2002, of conspiracy to distribute one kilogram or more of heroin, as well as heroin possession with intent to distribute. He was sentenced to life imprisonment on July 19, 2002. The Fourth Circuit affirmed judgment on August 15, 2003. On June 28, 2004, Jackson filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The motion was denied on February 8, 2005. The Fourth Circuit denied Jackson's request for a certificate of appealability. Jackson's subsequent efforts to collaterally attack his judgment and sentence were unsuccessful.

In this petition, Jackson again seeks to collaterally challenge his conviction and sentence, presenting claims of, *inter alia*, newly discovered evidence, abuse of discretion by the trial court, ineffective assistance of counsel, insufficient evidence, and sentencing errors. Jackson asks the court to treat the instant petition as a "'first motion' under the standards and teachings in C*astro v. United States*, 540 U.S. 375 (2002)." The court is mindful of Jackson's pro se status and

accords his pleading liberal construction. *Castro*, however, does not apply to the facts presented here. In *Castro*, the Supreme Court ruled that federal courts are required to notify a defendant before recharacterizing a post-conviction motion under 28 U.S.C. § 2255, warn the litigant that recharacterization will subject subsequent § 2255 motions to restrictions on second or successive motions, and provide an opportunity to withdraw the motion. *See* 540 U.S. at 792. Unless these warnings are provided, the recharacterized motion may not count as a first motion to vacate. *See id*. at 384. Jackson asserts that his "prior 2255 can't be deemed as a successive motion because the District Court did not advice [sic] the Petitioner of its intent." Jackson filed his first petition, submitted on June 28, 2004, as a § 2255 motion. There was no recharacterization of the pleading, and notification required by *Castro* did not apply.

Further, reliance on *Castro* is misplaced because Jackson's petition for audita querela is not filed under § 2255; instead, it arises under the All Writs Act, as codified at 28 U.S.C. § 1651. Audita querela is not available to challenge a conviction or sentence where the claims could have been raised pursuant to 28 U.S.C. § 2255. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985) that " '[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and "'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'")). *Carlisle*, 517 U.S. at 429; *see also United States v. Valdez-Pacheco*, 237 F.3d 1077, 679 (9th Cir. 2001) (courts have limited audita querela to instances in which there are gaps in the framework of federal post-conviction relief for which no other remedy is available).

Section 2255 is the presumptive means for a federal inmate to collaterally attack his sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). The remedy provided under § 2255 is neither inadequate nor ineffective because a petitioner does not meet the statutory gatekeeping requirements for second or successive petitions. *See* 28 U.S.C. 2244(b)(3)(A); *Valdez-Pacheco*, 237 F.3d at 1080. Accordingly, there is no basis to issue the writ.

/s/

William M. Nickerson
United States District Judge

October 28, 2009